Filed 5/15/26  P. v. Medina CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>BENJAMIN MATTHEW MEDINA,<br><br>    Defendant and Appellant. | D085330<br><br><br><br>(Super. Ct. No. RIF121073) |

APPEAL from a judgment of the Superior Court of Riverside County, Scott Williams, Judge.  Affirmed.

Gary V. Crooks, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Arlene A. Sevidal, Assistant Attorney General, Steve Oetting and Joshua Trinh, Deputy Attorneys General, for Plaintiff and Respondent.

MEMORANDUM OPINION

Benjamin Matthew Medina appeals from a judgment imposed after a resentencing under Penal Code[1] section 1172.75 for a 2009 conviction of murder with a lying-in-wait special circumstance (§§ 187, subd. (a), 190.2, subd. (a)(15)), assault with a deadly weapon (§ 245, subd. (a)), and criminal threats (§ 422), with a prison prior (§ 667.5, subd. (b)).  After striking Medina's prison prior as required under section 1172.75, the court resentenced Medina to the originally imposed term of life without the possibility of parole for the murder but reduced the determinate term for the other two counts by one year to reflect the striking of the prison prior.  As a result, the new determinate term was four years eight months, rather than five years eight months.  The determinate term included an upper term sentence of four years for the aggravated assault, which was the same upper term the court had imposed at the original sentencing in 2009.

The sole issue Medina raises on appeal is that the resentencing court erred in imposing an upper term sentence on the aggravated assault because it relied on aggravating circumstances that were not "stipulated to by the defendant" or "found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial."  (§ 1170, subd. (b)(2).)  The People respond that section 1172.75, subdivision (d)(4) creates an exception to this factfinding requirement for upper term sentences imposed on resentencing when the trial court originally sentenced the defendant to the same upper term.  Subdivision (d)(4) provides: "*Unless the court originally imposed the upper term*, the court may not impose a sentence exceeding the middle term unless there are circumstances in aggravation that justify the imposition of a term

---

[1]  All further undesignated statutory references are to the Penal Code.

of imprisonment exceeding the middle term, and those facts have been stipulated to by the defendant, or have been found true beyond a reasonable doubt by the judge in a court trial." (Italics added.)

There is currently a split of authority in the Courts of Appeal on this issue, and the Supreme Court has granted review to resolve the conflict. (See *People v. Brannon-Thompson* (2024) 104 Cal.App.5th 455, 466–467 (*Brannon-Thompson*) [agreeing with the People's argument]; *People v. Gonzalez* (2024) 107 Cal.App.5th 312, 327–332 (*Gonzalez*) [disagreeing with *Brannon-Thompson*]; *People v. Mathis* (2025) 111 Cal.App.5th 359, 371–374 (*Mathis*) [agreeing with *Brannon-Thompson* and disagreeing with *Gonzalez*], review granted Aug. 13, 2025, S291628; *People v. Eaton* (Mar. 14, 2025, C096853) [nonpub. opn.], review granted May 14, 2025, S289903.)

We find *Brannon-Thompson* and *Mathis* to be persuasive on this issue and adopt their holdings and reasoning as our own, including the reasoning of *Matthis* in finding that this result does not violate the Sixth Amendment. (*Mathis, supra*, 111 Cal.App.5th at pp. 373–374.) Accordingly, until we receive further guidance from our high court, we decline to follow *Gonzalez* and instead agree with *Brannon-Thompson* and *Mathis*. We therefore find no error in the trial court's imposition of the upper term on the aggravated assault.

## DISPOSITION

The judgment is affirmed.

BUCHANAN, J.

WE CONCUR:

McCONNELL, P. J.

KELETY, J.

4